SILAS B. PALMOUR, for use, etc., plaintiff in error, vs. JOHN PALMOUR, defendant in error.

1. To an action brought upon an indorsement of a judgment, which stipulated that the indorser was to be liable if the defendant in the judgment "proves insolvent," a plea denying the insolvency of such defendant is not a plea in abatement.

2. As the property assigned as a homestead to the defendant in the judgment had ever been, since the transfer, subject to the same, and is of greater value than the amount of the judgment, we do not think that the verdict was against the weight of evidence so as to make it an abuse of discretion in the judge who tried the case, to refuse to set it aside.

Indorsement.    Judgment.    New trial.    Before Judge KNIGHT.    Dawson Superior Court.    April Term, 1864.

Silas B. Palmour, for the use of Reuben H. Moss, brought complaint against John Palmour upon the following indorsement:

"I hereby sell and transfer the within note, and the judgment and fi. fa. predicated thereon, sued in Gilmer superior court, to be personally liable to S. B. Palmour if the defend-

ants prove insolvent. I am also to pay the attorney's fees. This 12th day of October, 1862.

(Signed) "JOHN PALMOUR."

The note referred to in the above transfer was dated February 1st, 1861, for $1,050 00, payable to John Palmour or bearer, signed by S. M. Rolston & Company.

The declaration alleges that at the date of the aforesaid assignment there was $1,300 00 due on the judgment therein referred to, and that the defendants therein were insolvent.

At the trial term the defendant, John Palmour, pleaded that the defendants in the judgment were not insolvent. This plea was submitted to the jury together with the pleas of the general issue and the statute of limitations.

The evidence disclosed that since the rendition of the judgment aforesaid, the wife of Samuel M. Rolston, a member of the firm of S. M. Rolston & Company, had had set apart to her a homestead, under the act of 1868, in the lands of her husband, which exceeded in value the amount due on said judgment.

The jury found for the defendant. The plaintiff moved for a new trial upon the following, among other grounds:

1st. Because the defendant, at the trial term of the court, in the midst of the argument of a motion for continuance, filed, among other pleas, the plea in abatement, which should have been submitted to the jury alone.

2d. Because the verdict was contrary to the law and the evidence.

The motion was overruled and plaintiff excepted.

WIER BOYD; M. S. SMITH; W. P. PRICE, for plaintiff in error.

JASPER N. DORSEY, for defendant.

TRIPPE, Judge.

1. Where the right of action is contingent upon the happening of some event or the occurrence of a certain fact, and

suit is brought thereon alleging that the condition has been satisfied, a plea denying such allegation has no feature of a plea in abatement. It is a plea to the merits. Indeed, there was no necessity for the plea. The burden, by the very terms of the contract, was upon the plaintiff to prove as true precisely what the plea denied to be true. The general issue was all that was necessary, so far as the question raised by that plea was involved, and there was no error committed in this point to the injury of the plaintiff.

2. The contract contained in the transfer of the judgment, was made in 1862. The homestead assigned to the wife of Rolston was in value greater than the amount of that judgment. That homestead was subject to the judgment which was assigned to the plaintiff, the same having been rendered in 1861. The assignor was to be liable only in the event that the defendants in the judgment "proved insolvent." It was evident, from the testimony, that plaintiff could satisfy the judgment out of property which was liable to it. Consequently the verdict is not against the evidence.

Judgment affirmed.